Equitable Trust Company, Committee of the Estate of Katharine S. Garis, a Lunatic, *v.* David V. Garis, and the Columbia Avenue Saving Fund, Safe Deposit, Title and Trust Company.

*Equity—Jurisdiction—Discovery—Possession of personal property—Lunacy—Husband and wife.*

A bill in equity will lie by the committee of a lunatic for discovery and delivery of possession of deeds and other muniments of title, certificates of stock, negotiable securities and other personal property having special and peculiar value which is not adequately represented by market prices, against the husband of the lunatic where he denies her title, or there is reason to apprehend that he will deal with the property in any way adversely to her interest. The removal of the record of the lunacy proceedings to the Supreme Court by an appeal from an order of commitment for contempt will not prevent the filing of the bill, and it is immaterial that the bill is filed in the same court and of the same term and number as the lunacy proceedings, where that practice is required by the rules of court.

*Lunacy—Committee—Trust company—Act of May 9, 1889.*

In the absence of specific restriction in its charter, a trust company, by virtue of its general powers under the Act of May 9, 1889, P. L. 159, to " execute trusts of every description," must be presumed to have corporate capacity to act as a committee of a lunatic.

*Equity—Lunacy—Discovery—Possession of securities—Husband and wife—Preliminary injunction.*

On a bill in equity by a lunatic's committee against the husband of the lunatic, for discovery and the delivery of securities which the husband had in his possession in a box in a trust company, the court in granting a preliminary injunction should not go further than to direct that the box should be opened in the presence of both parties ; that only such securities should be delivered to the committee as the husband admitted to be the property of the lunatic ; that he should be enjoined from selling or remov-

ing the securities in dispute unless security be given that they shall be forthcoming, and that defendant should be permitted to remove such securities as are not claimed by the committee, and that after such removal the trust company should be enjoined from permitting the defendant to have access to the box, except in the presence of the committee.

*Lunacy—Practice, C. P.—Notice—Next of kin—Order for application of income.*

Where an application is made by a committee of a lunatic for payment of expenses out of the lunatic's estate, it is better practice to give notice to the next of kin, or parties standing in close relation to the lunatic.

In making an order for the application of the estate of a lunatic for the payment of expenses, the principal of the estate should be sacrificed only to necessity, and such necessity should be determined in each specific instance by the court itself, having before it all the circumstances, including the nature and value of the property, the age, condition of health and situation in life of the lunatic, the effect of loss of accustomed comforts, the prospect of increasing infirmities, etc. It is the duty of the court to see that the future comfort of the lunatic should be made as secure as the circumstances permit, and for that purpose to keep present expenses within reasonable bounds. Commissions, fees and charges of all kinds should be allowed only on the most moderate scale of compensation.

Argued Jan. 23, 1899. Appeal, No. 375, Jan. T., 1898, by David V. Garis, one of the defendants, from decree of C. P. No. 3, Phila. Co., March T., 1897, No. 831, awarding preliminary injunction. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Reversed.

Bill in equity for an injunction.

The facts appear by the opinion of the Supreme Court.

On July 18, 1898, the court made the following order:

And now, July 18, 1898, on consideration of the foregoing petition, it is ordered that the Equitable Trust Company, the committee of the estate of Katharine S. Garis, a lunatic, do make payments of the items in the foregoing petition mentioned, out of the principal of said lunatic's estate, in so far as the amount on hand is insufficient to meet the same, and that until the further order, the balance of the income of said estate, if any, and so much of the principal as may be necessary, after the income is exhausted, be applied by the said committee for her support, board, nursing, medical attendance, clothing and other necessaries of the said lunatic.

On November 15, 1898, the court ordered and decreed:

That the said David V. Garis and the Columbia Avenue Sav-

ing Fund, Safe Deposit, Title and Trust Company be enjoined and restrained until the further order of this court from opening the box or boxes mentioned and described in the said bill in equity and answers thereto, and from removing therefrom any of the contents of the same.

That the said Columbia Avenue Saving Fund, Safe Deposit, Title and Trust Company are directed to discover and exhibit in the presence of one of the officers of the Equitable Trust Company, committee, the contents of the deposit box or deposit boxes described in the bill in equity and answers thereto.

And further, that the defendant shall make a detailed inventory of the property and assets which the said boxes contain and present the same to this court.

That David V. Garis make discovery of the moneys received or deposited by him in behalf of his wife, who has been adjudged a lunatic, and that the said David V. Garis further make discovery, produce and deliver to the Equitable Trust Company, committee of the estate of Katharine S. Garis, all the bonds, mortgages, shares of stock, money and furniture, and notes of said David V. Garis, as for $300, and other personal property of the said lunatic's estate, of whatever kind the same may be, or wheresoever the same may be situated.

*Errors assigned* were the decrees of the court.

*Samuel M. Roberts*, with him *Allen H. Gangewer*, for appellant.—Plaintiff had no standing to file the bill: Hughes v. Farmers' Hay and Straw Market Assn., 20 Pa. 327; Com. v. Erie, etc., R. R. Co., 27 Pa. 339; Fowler v. Scully, 72 Pa. 456; Diligent Fire Co. v. Com., 75 Pa. 291; First Nat. Bank of Allentown v. Hoch, 89 Pa. 324; Merchants' Bank of Easton v. Shouse, 102 Pa. 488; Com. v. N. E. Elevated Ry. Co., 161 Pa. 409.

The right of an officer to proceed in his official capacity is suspended during the time when the proceedings by virtue of which he holds office are being reviewed by a writ of certiorari, and his offical acts done between the service of the writ and the final decision thereon in the court above are void: The King v. Battams, 1 East. 298; Patchin v. The Mayor, etc., of Brooklyn, 13 Wendell (N. Y.), 664; Ewing v. Thompson, 43 Pa. 372.

A bill in equity does not lie against a husband or wife to discover matters occurring between husband and wife. The law is, matters between a husband and wife are privileged, and not subject to an action for discovery: Le Texier v. Anspach, 5 Vesey, Jr. 322; Barron v. Grillard, 3 Vesey & Beams, 165.

The law is, between equal equities the court will not interfere: Story's Equity Pleadings, sec. 603; Jerrard v. Saunders, 2 Ves. Jr. 454; McCartney v. Cassidy, 141 Pa. 453.

The allegations of the bill being on information and belief, and the affidavit attached thereto to the same effect, there is no sufficient bill filed by the Equitable Trust Company warranting the granting of an injunction herein. The law is, an injunction bill sworn to by plaintiff alone, and upon information and belief, is insufficient: Camabell v. Morrison, 7 Paige, 157: Van Rensselaer v. Kidd, 4 Barbour, 17; Livingston v. Bank of New York, 26 Barbour, 304; Caulfield v. Curry, 63 Mich. 594; Wells v. Bridgeport Hydraulic Co., 30 Conn. 316.

It does not appear that the Equitable Trust Company has a title to the property sought to be discovered. The law is, in order to maintain a bill for discovery it must appear that the plaintiff therein has a clear title to the subject-matter of the bill: Story's Equity Pleadings, sec. 324; Young v. Colt, 2 Blatch. (U. S.) 373; Clapp v. Shephard, 23 Pick. (Mass.) 228; Van Kleeck v. Reformed Dutch Church, 6 Paige, 600.

An action is a condition precedent to the existence of the right of a bill for discovery of papers: Stanger v. Seymour, 42 Hun, 638; Lester v. The People, 150 Ill. 408; Armitage v. Wadsworth, 1 Madd. 110; Crow v. Tyrrell, 3 Madd. 99.

No person can be made a defendant to a bill for discovery in aid of an action who is not a party to that suit: Kerr v. Rew, 5 Myl. & C. 154; Queen of Portugal v. Glyn, 7 Cl. & F. 466; Glyn v. Soares, 3 Myl. & K. 450.

*Dwight M. Lowrey*, with him *Alfred R. Haig, Henry C. Thompson, Jr.*, and *William F. Harrity*, for appellee.—The Equitable Trust Company has a right to file a bill as committee of the lunatic's estate: Act of June 13, 1836, sec. 14, P. L. 589; Earp's Est., 2 Parsons' Select Eq. Cas. 178; Bouvier's Law Dictionary (Rawle's Revision, 1897), p. 362; Minnesota Loan & Trust Co. v. Beebe, 40 Minn. 7; Heckman v. Adams, 50 Ohio, 305.

The committee has the right to the relief sought in its bill: McGowin v. Remington, 12 Pa. 56; Odd Fellows Savings Bank's App., 123 Pa. 356; Simes v. Everson, 46 Pa. 304; Goodwin Gas Stove & Meter Co.'s App., 117 Pa. 514; Gough v. Crane, 3 Maryland Chan. 119; Pattison v. Skillman, 34 N. J. Eq. 344; 1 Pomeroy on Equity Jurisprudence, sec. 185; Warren & Franklin Ry. Co. v. Clarion Land & Imp. Co., 54 Pa. 28; Balt. & Harrisburg Ry. Co. v. Hanover, etc., Street Ry., 13 Pa. C. C. R. 291; Dreydoppel v. Young, 37 Legal Int. 397.

Counsel fees are properly chargeable, together with necessary costs of litigation in the management of the lunatic's estate, upon the estate of the lunatic; and the court will direct the committee to pay the same: Wier v. Myers, 34 Pa. 377; Clark's Case, 22 Pa. 466; Hassenplug's App., 106 Pa. 527; In re Weaver, 116 Pa. 225; Com. v. Reeves, 140 Pa. 258.

OPINION BY MR. JUSTICE MITCHELL, April 3, 1899:

This case has been unfortunately conducted from the outset. The extravagance of the appellant's contentions has led to efforts to put a summary end to them by irregular proceedings which cannot be sustained. For this reason a commitment for contempt was reversed: In re Garis, 185 Pa. 497.

Substantially, it is a contest between the committee of a lunatic wife and the husband for certain property claimed by both, and in the form in which it is now before us it is a bill filed by the committee against the husband, setting forth on information and belief that certain muniments of title, negotiable securities and personal property belonging to the lunatic's estate were in the possession of the husband, and that part of them at least had by him been deposited in a private box in the Columbia Avenue Trust Company. The latter was also made a formal defendant. The bill prayed for discovery, delivery of the said property, and an injunction against the husband from opening the said box, and against the trust company from permitting him to have access to it.

The husband filed an answer, denying the essential averments as to his possession of the property. The denial, however, was purely formal, and as to matters which, if true, must be within his personal knowledge, as for example the averments of the fourth, seventh, tenth, eleventh and twelfth items of the bill,

the answer was clearly evasive and insufficient. The appellant and his codefendant, the Columbia Avenue Trust Company, then put on record an agreed statement of facts, setting forth the connection of the company with the matter, and the appellant filed a cross-bill against the Equitable Trust Company denying its capacity to act as committee, its right to bring suit against the husband of the lunatic, and raising questions of law upon these and other matters appearing in the bill. The court below upon a preliminary hearing issued an injunction, which is the main subject of the present appeal. Before discussing its terms it is desirable to clear away some of the preliminary questions involved, so that the case may be put in position to proceed regularly to final determination.

A bill in equity will lie in appropriate circumstances for discovery and delivery of possession of deeds and other muniments of title, certificates of stock, negotiable securities, and other personal property having special and peculiar value which is not adequately represented by market price.

The committee of a lunatic is the proper party to bring and maintain such bill for the lunatic's property.

Such bill may be maintained by the committee against the husband of the lunatic where he denies her title, or there is reason to apprehend that he will deal with the property in any way adversely to her interest.

In the absence of specific restriction in its charter, which nowhere appears, the Equitable Trust Company, by virtue of its general powers under the Act of May 9, 1889, P. L. 159, to "execute trusts of every description," must be presumed to have corporate capacity to act as committee of the lunatic.

The bill could be filed, notwithstanding the removal of the record of the lunacy proceedings to this Court by the appeal from the order of commitment. That appeal did not oust or suspend the committee from its functions, or its duty to secure the property of the lunatic. The bill was filed in the same court and of the same term and number as the lunacy proceedings, but that was a mere incident arising from the rules of the courts of Philadelphia county for the proper and convenient distribution of their business. Except for those rules it might have been filed in a different court and have made part of a different record.

The bill therefore was properly filed, but it must be sustained in the regular way, and the defendant cannot be deprived of property of which he is in possession under claim of title, without hearing and competent evidence. The extravagance of his claims cannot bar him from his actual rights. In view, however, of the nature of the property in controversy and the facility with which the purpose charged, to remove it from the jurisdiction, might be carried out, the court was authorized to grant a preliminary injunction to protect the lunatic's interests, should her title be hereafter established.

This brings us to the consideration of the terms of the injunction. These are too broad. It appears by the agreed statement of facts that the appellant deposited in the Columbia Avenue Company · in November, 1894, a tin box, containing valuables not named, and in April, 1896, rented a safe in the vaults of the said company, and deposited therein a number of things also not specified. These acts were done in his own name, and the later of them more than a year before the proceedings in lunacy began, though the inquisition found that the lunacy had extended back to February, 1896, thus antedating by two months the renting of the safe. The presumption from these facts is that part at least of the property on deposit in the Columbia Avenue Company is the appellant's own, and though his failure to say so in explicit terms, and to specify the articles he so claims greatly weakens such presumption, yet he should not be deprived of the property without a full opportunity to defend his title.

The injunction is also somewhat carelessly worded, so that it appears to be inconsistent in requiring the boxes to be opened by the Columbia Avenue Trust Company, without the presence of the appellant, and in prohibiting him from opening them, while at the same time requiring him to make a detailed inventory of their contents. And the last paragraph is clearly excessive, in requiring appellant to produce and deliver to the committee the bonds, mortgages, etc., including his own note in his wife's favor, the title and even existence of which have not yet been established. This order can only be made on final hearing, the power of the court at present being limited to the preservation of the existing status of the property until the title to it is determined.

In the present position of the case the committee, plaintiff, is entitled,

First, to discovery and inspection of the contents of the box and safe in the vaults of the Columbia Avenue Trust Company, to be made in the presence of both parties or their attorneys;

Second, to the immediate delivery of such of the contents of said box and safe as are or may be admitted by the appellant to be the property of the lunatic;

Third, to an injunction until final hearing or until further order of the court, restraining the appellant from selling, pledging, assigning, removing or otherwise interfering with such contents of the said box and safe, as may be claimed by him, but also claimed by the committee as the property of the lunatic; with leave however to the appellant to apply at any time to the court for permission to resume the possession and control of any of the said contents upon giving security that the same or the value thereof shall be forthcoming to abide the final decree in the case;

Fourth, the appellant to be at liberty in the presence of the proper attorneys or representatives of the Equitable Trust Company and the Columbia Avenue Trust Company to remove such contents of the said box and safe as are not claimed by the committee as the property of the lunatic; and after such removal the Columbia Avenue Trust Company may be enjoined from permitting the appellant to have access to the said box and safe, except in the presence of the attorney or representative of the said committee.

The injunction having been thus modified the case should proceed promptly to a final hearing and decree.

This disposes of the substantial controversy in the case, in its present position. But the third assignment of error requires notice of another matter. The court below, on petition of the committee in July, 1897, ordered payment of certain expenses for costs of inquisition, board of the lunatic, etc., out of the lunatic's estate, and the application of the income thereafter to her board from time to time. When the case was here before, 185 Pa. 497, it was held that this could be done without notice to the party instituting the proceedings. But it is better practice to give notice to the next of kin, or parties standing in close relation to the lunatic. The danger of not doing so is illus-

trated by the similar but more extensive order made in July, 1898, whereby the committee was authorized, not only to apply the balance of the income, but "so much of the principal as may be necessary after the income is exhausted" to the support of the lunatic. This was a highly improvident order. The estate as set forth in the petition of the committee amounted in 1898 to about $9,400, yielding an income of $650, which the expenses of maintenance as at present conducted would exceed by about $175 annually. The situation therefore was one of annually decreasing principal and increasing deficit, a situation calling for the utmost care and discretion in administration. This discretion should not be surrendered by the court to any other tribunal, and especially not to the committee by any general order. The principal of the estate should only be sacrificed to necessity, and such necessity should be determined in each specific instance by the court itself, having before it all the circumstances, including the nature and value of the property, the age, condition of health and situation in life of the lunatic, the effect of loss of accustomed comforts, the prospect of increasing infirmities, etc. It is the duty of the court to see that the future comfort of the unfortunate shall be made as secure as the circumstances permit, and for that purpose to keep present expenses within reasonable bounds. As said by this Court in Wier v. Myers, 34 Pa. 377, "all those expenses ought to be carefully supervised by the court, and considering the helpless condition of the lunatic none ought to be allowed except such as are manifestly just and moderate." Especially is it the duty of the court to see that the estate is protected in the administration. Commissions, fees and charges of all kinds should be allowed only on the most moderate scale of compensation.

We have considered this case as was our duty, in the light of the appellant's legal rights. But we are not impressed with the merits of his contention. Whatever claim or title he has to any of the property in controversy he should show promptly and clearly. As against the committee he has no right of possession of any of his wife's property, and, in the language of the chief justice when the case was here before, if he has any such property in his possession he ought to turn it over to the committee and save further trouble.

The decree is reversed and the record is remitted with direc-

tions to amend the order of July 18, 1898, by striking out the
authorization of the application of any part of the principal of
the estate to the support of the lunatic without express direc-
tion of the court, and to reform the order and injunction of
November 15, 1898, in accordance with this opinion.   The costs
of this appeal to abide the final result of the case.