# Rosenthal *v.* Ostrow, Appellant.

*Contracts—Illegal contracts—Sale of liquors without a license—Employment—Share of profits—Evidence—Guess—Nonproduction of books.*

1. The law will not aid him who bases his claim on an illegal transaction, or enable him to recover for work done knowingly in an illegal business.

2. In an action to recover a share of profits claimed by plaintiff as compensation for services in an unlicensed wholesale liquor business, plaintiff cannot recover for work done during so much of the year as the business was licensed, where there is no evidence whatever to show how much profit was made during the licensed portion of the year.

3. In such case, plaintiff is not required to establish the amount of his claim with entire exactness, but the evidence must be such as to enable the jury to make a reasonable approximation thereof, otherwise the verdict is a mere guess.

4. The nonproduction of his books by defendant, in such case, while a circumstance against him, cannot, without more, supply the entire absence of proof necessary to sustain plaintiff's case.

Argued May 10, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 25, March T., 1926, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1921, No. 605, on verdict for plaintiff, in case of Barney Rosenthal v. Sol Ostrow, otherwise known as Solomon Ostrow. Reversed.

Assumpsit on contract of employment. Before EVANS, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for $9,273.75. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*John A. Metz,* with him *Ben Paul Brasley,* for appellant.—The liquor business conducted by Ostrow without a license until October 25, 1920, was illegal: Johnson v. Hulings, 103 Pa. 498.

The rule that a contract relating to an illegal business cannot be enforced, applies as well to the contract of an employee for wages or a share of profits as to any other contract: Badgley v. Beale, 3 Watts 263; Walcofski v. Coal Co., 278 Pa. 84; Columbia Bank & Bridge Co. v. Charles, 4 S. & R. 151.

An unenforceable contract for a share of the profits derived from an illegal business, cannot be made enforceable by the party seeking to enforce it, claiming that he did not know the business was illegal: Com. v. Holstine, 132 Pa. 357.

The court erred in permitting the jury to guess how much, if any, of the total profits were made during the time that the business was conducted legally and how much, if any, were made during the time that appellee did not know or was not put on notice that the business was being conducted illegally: Shuman's Est., 45 Pa. Superior Ct. 587; Egbert v. Payne, 99 Pa. 239; Calvert v. Good, 95 Pa. 65; Schweitzer v. Williams, 43 Pa. Superior Ct. 202; Howard Express Co. v. Wile, 64 Pa. 202.

*Harry Weisburger,* with him *Rody P. & Meredith R. Marshall,* for appellee.—The rule that a contract relating to an illegal business cannot be enforced has no application to a contract of employment where the employee does not contract to do an illegal act, nor is aware of any illegality connected with his employment.

Where a business may be conducted legally by taking out a proper license, the fact that an employer has not taken out such license, will not prevent the employee from collecting his remuneration where the employee was unaware of it: Watertown Fire Ins. Co. v. Simons, 96 Pa. 520; Lamb v. Condon, 276 Pa. 544.

An agreement will be enforced, even if it is incidentally or indirectly connected with an illegal transaction, if plaintiff will not require the aid of the illegal transaction to make out his case: Sauer v. School District, 243 Pa. 294; Swan v. Scott, 11 S. & R. 155; Northampton County's App., 30 Pa. 305.

The jury was not permitted to guess the amount of profits made by defendant, but was given the best evidence possible under the circumstances by plaintiff: Daly's Est., 55 Pa. Superior Ct. 488; Frick v. Barbour, 64 Pa. 120.

OPINION BY MR. JUSTICE WALLING, June 26, 1926:

The defendant, Ostrow, being engaged in the sale of intoxicating liquor at wholesale, as claimed for non-beverage purposes, at 300 Federal Street, Pittsburgh, entered into a written contract with the plaintiff, Rosenthal, on April 26, 1920, inter alia, as follows: "That the said party of the second part [Rosenthal] shall enter the employ of the said party of the first part [Ostrow], commencing the second Monday of May, 1920, and continue for a period of one year; during which time the said party of the first part agrees to pay him the sum of one hundred ($100.00) dollars per week and ten per cent. (10%) of the net profits of said business, to be determined at the expiration of said year, and to be paid to the said party of the second part provided he, at that time, still is in the employ of the said party of the first part." Owing to delay in closing up his private business plaintiff did not enter upon his duties until June 1st of that year and ended the same with defendant's consent on May 14, 1921. Plaintiff was paid the $100 a week and $5,000 on account of profits and brought this suit for the further sum of $45,000, claimed as the balance of his share thereof. An affidavit of defense was filed and the trial resulted in a verdict and judgment for plaintiff for $9,273.75; defendant has appealed.

The judgment cannot be sustained. Defendant had no state license until October 25, 1920; prior thereto his business was wholly illegal, of which fact plaintiff admits he had personal knowledge as early as July of that year. He therefore cannot recover for the profits of an illegal business to which he was a party. In Hazle Drug Co., Inc., v. Wilner et al., 284 Pa. 361, it is held that a wholesale dealer in intoxicating liquors must have a state license or the business is unlawful and he cannot recover for liquors sold. The status of the plaintiff there was like that of the parties here prior to taking out a license. It is a familiar rule that the law will not aid him who bases his claim on an illegal transaction (Walcofski v. Lehigh Val. Coal Co., 278 Pa. 84; Vandegrift v. Vandegrift, 226 Pa. 254; Johnson v. Hulings, 103 Pa. 498; Fowler v. Scully, 72 Pa. 456; Columbia Bank & Bridge Co. v. Haldeman, 7 W. & S. 233; Swing v. Munson, 191 Pa. 582; Seidenbender v. Charles, 4 S. & R. 151; Conemaugh Brewing Co. v. Bennett, 60 Pa. Superior Ct. 543; 13 C. J. 421), or enable him to recover for work done knowingly in an illegal business: Badgley v. Beale, 3 Watts 263. Plaintiff does not controvert this rule but it is urged that he may recover his share of the profits for so much of the year as the place was licensed. The answer to this is an entire lack of evidence as to what if any profits were made during that part of the year. The only proof tending to sustain plaintiff's claim of profits is an alleged admission of defendant, denied by him, that he made $500,000 during the year; but nothing indicates how much if any of it was made while the business was licensed, and Ostrow testified that the profits for the year were less than $75,000. Plaintiff has received his share of a $50,000 profit and that more was legally made does not appear; for so far as the proof shows the gain may have accrued while the business was conducted unlawfully. The contract was entire and there was no data by which the jury could separate the good from the bad. True, plaintiff is not required to

establish the amount of his claim with entire exactness, but the evidence must be such as to enable the jury to make a reasonable approximation thereof, otherwise the verdict is a mere guess. See Osterling v. Frick et al., Exrs., 284 Pa. 397; Zimmerman v. Weinroth, 272 Pa. 537. "A verdict or finding must rest upon facts proved, or at least upon facts of which there is substantial evidence, and cannot rest upon mere surmise, speculation, conjecture, or suspicion. There must be legal evidence of every material fact necessary to support the verdict or finding, and such verdict or finding must be grounded on a reasonable certainty as to probabilities arising from a fair consideration of the evidence, and not a mere guess, or on possibilities": 23 C. J. 51. There is nothing to indicate that the profits were made uniformly each month throughout the year; so, to conclude that more than the $50,000, accounted for, was made under the license, would be a mere guess. According to plaintiff's testimony, the admission as to profits was made during the business year; but there must have been some loss in the end, as the stock was confiscated.

Defendant testified that the books, such as they kept, were lost while he was in jail under sentence for violation of the liquor laws. There was no attempt to disprove this or to offer secondary evidence of their contents. The nonproduction of the books, while a circumstance against defendant, cannot, without more, supply the entire absence of proof necessary to sustain plaintiff's case.

As to other questions suggested in the record we express no opinion.

The judgment is reversed and is here entered for the defendant non obstante veredicto.