## Commonwealth, Appellant, *v.* Irwin Savings & Trust Co.

244

Argued March 21, 1933. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*William S. Rial,* with him *H. E. Marker,* for appellant.—The case is ruled by Cameron v. Christy, 286 Pa. 405; Cameron v. County Home, 287 Pa. 326.

A trust company is only such an institution as is defined by DeHaven v. Pratt, 223 Pa. 633; Media T. & T. Co. v. Cameron, 289 Pa. 96; Kolb v. Episcopal Church, 18 Pa. Superior Ct. 477; Com. v. Brann, 81 Pa. Superior Ct. 38; Opening of Parkway, 249 Pa. 367; Com. v. Lomas, 302 Pa. 97; Phila. v. Com., 270 Pa. 353; Com. v. Kline, 294 Pa. 562; Conners's Est., 302 Pa. 534.

· *R. W. Smith,* of *Smith, Best & Horn,* with him *Carroll Caruthers,* for appellee, cited: Com. v. Mortgage Trust Co., 227 Pa. 163; Equitable Trust Co. v. Garis, 190 Pa. 544; Com. v. Trust Co., 211 Pa. 51; Com. v. Bank & Trust Co., 303 Pa. 241; Com. v. Matthews, 303 Pa. 163; Com. v. Hazen, 20 Pa. Superior Ct. 487.

OPINION BY MR. JUSTICE LINN, April 10, 1933:

Alleging loss by a tax collector's default, suit, to the use of the county, was brought on the bond given by defendant, Irwin Savings and Trust Company, for faithful performance by the collector. In its affidavit of defense under section 20 of the Practice Act, defendant set up that the bond was null and void, being prohibited by statute. Judgment was entered for defendant and this appeal followed.

Defendant was incorporated in 1922 under the General Corporation Act of 1874, P. L. 73, particularly section 29 as supplemented from time to time. The scope of that section, originally authorizing incorporation for the purpose of insuring titles to real estate, was much enlarged by an Act of May 9, 1889, P. L. 159, enabling such corporations, inter alia, "To become sole security for the faithful performance of the duties of any national, state, county or municipal officer, and to execute such bonds or recognizances as may be required by law in such cases."

Defendant relies on the Act of May 16, 1923, P. L. 248, entitled "An act limiting the power of state banks, banking companies, trust companies, saving banks, and unincorporated banks, to become surety on bonds." Section 1 provides, "That the word 'Bank,' as used in this act, means any state bank, incorporated banking company, trust company, savings bank, or unincorporated bank, heretofore or hereafter organized." Section 2 provides that no bank, so defined, and therefore no trust company, "shall become surety on any bonds, except that any bank, which has qualified itself under the laws of this Commonwealth to engage in a fiduciary business, may become sole surety in any case where, by law, one or more sureties are or may be required for the faithful performance of the duties of any assignee, receiver, guardian, committee, executor, administrator, trustee, or other fiduciary, and may also become sole surety on any writ of error or appeal, or in any proceeding insti-

tuted in any court of this Commonwealth in which security is or may be required": Section 3 provides that "Any bonds executed and delivered in violation of the provisions of this act shall be null and void." Section 4 repeals all acts or parts of acts inconsistent with it. The bond in suit was executed March 31, 1927.

Is Irwin Savings & Trust Company a trust company in the sense in which the word was used by the legislature? If it is, plaintiff cannot recover. In support of the contention that defendant is not a trust company, appellant refers to cases (among them, DeHaven v. Pratt, 223 Pa. 633, 72 A. 1068; Media Title and Trust Co. v. Cameron, 289 Pa. 96, 137 A. 129) considering incorporation under section 29 of the General Corporation Act of 1874, classifying such companies as title insurance companies in contradistinction to companies incorporated under the General Act of May 13, 1876, P. L. 161, entitled "An act for the incorporation and regulation of banks of discount and deposit."

On the other hand, defendant contends that, entirely apart from banking companies organized pursuant to the General Banking Act of 1876, corporations, under section 29 of the General Corporation Act, and supplements, became trust companies and were uniformly so designated by the legislature as to leave no doubt that they were included in the words "trust company," in the Act of 1923, supra. In DeHaven v. Pratt, supra, decided in 1909, in considering the "trust company," as the term was used in the early Act of May 11, 1874, P. L. 135 (repealed by the General Banking Act of 1876, supra, Gordon v. Winneberger, 310 Pa. 362), in its possible relation to companies incorporated like the defendant, it was pointed out that the designation "trust company" applied to such companies specially incorporated prior to the adoption of the Constitution of 1873, and did not refer to "the modern trust company [which] did not then exist nor was there any authority by which it could be created at that time......" This "modern

trust company" was evolved from the title insurance company by means of enabling legislation and has become the trust company as the term has for some time been generally understood. The amendment of 1889, supra, expressly conferred the power "to take, accept and execute trusts of every description." In the Act of June 27, 1895, P. L. 399, the legislature itself designated such companies as trust companies; in the title to the Revenue Act of June 13, 1907, P. L. 640, they are described as "commonly known as title insurance or trust companies." In considering that act, this court considered them trust companies: Com. v. Mortgage Trust Co., 227 Pa. 163, 76 A. 5. They are designated trust companies in the Act of May 8, 1907, P. L. 192, and in the Act of May 23, 1913, P. L. 354, providing the order of distribution among creditors; in the Act of May 8, 1907, P. L. 189, requiring a reserve fund; in the Act of May 9, 1923, P. L. 173, conferring the privilege of discounting, etc.; in the Act of May 9, 1923, P. L. 174, permitting merger, and in the Act of July 11, 1923, P. L. 1071.* We have no doubt that the legislature intended to include corporations, formed as defendant was, within the term trust company in the Act of 1923 prohibiting the execution of surety bonds except in the limited classes specified in section 2; appellant, very properly, does not contend that a tax collector is within any class specified.

Appellant also makes the following contention: "The act and its amendments under which defendant was incorporated, granted particular and specific powers to the defendant, and these particular and specific grants

---

* The same designation is given in the following statutes, though passed after the bond in suit was given: Acts of April 20, 1927, P. L. 322; of May 4, 1927, P. L. 726; of April 4, 1929, P. L. 143; of April 26, 1929, P. L. 812. See, too, Equitable Trust Co. v. Garis, 190 Pa. 544, 42 A. 1022; Com. v. Trust Co., 211 Pa. 51, 60 A. 551; Com. v. First Nat. Bank and Trust Co., 303 Pa. 241, 154 A. 379; Gordon v. Winneberger, supra.

are not repealed by a general act, such as that of May 16, 1923, P. L. 248, designed to apply to cases generally. A Title Insurance Company under the Act of 1874, even though called a trust company or a bank, must be regarded as excepted from the operation of this Act of May 16, 1923, P. L. 248."

We cannot accept the contention, which would nullify the act by leaving no corporation to which it could apply. The sweeping provision of the Act of 1923 is that "No bank [as defined] shall become surety on any bonds ......" like that in suit. The statute is neither more general nor less particular and specific than was the grant of power to become surety on such bonds in effect when defendant received letters patent. The obvious intention was to regulate banking by prohibiting such companies from thereafter becoming surety for the faithful performance of the duties of any municipal officer; this, the legislature was competent to do: Noble State Bank v. Haskell, 219 U. S. 104.

Appellant also suggests that it is unjust to permit defendant to plead that the contract is ultra vires; but the legislature has expressly prohibited the transaction and has provided that such bond shall be null and void. See Swing v. Munson, 191 Pa. 582, 588, 43 A. 342; Walcofski v. Lehigh Valley Coal Co., 278 Pa. 84, 88, 122 A. 238; Jackson v. Conneautville School Dist., 280 Pa. 601, 604, 125 A. 310; Hazle Drug Co. v. Wilner, 284 Pa. 361, 367, 131 A. 286; Rosenthal v. Ostrow, 287 Pa. 87, 90, 134 A. 384.

Judgment affirmed.