## John B. McFadden, Plff. in Err., *v.* Anna B. Reynolds.

A witness cannot be compelled to answer questions that would crim- inate himself, simply because, if prosecuted therefor, he can plead the statute of limitations as a defense. *It seems* that a witness is protected against testifying as to any matters which might subject him to a criminal prosecution.

A witness cannot be compelled to answer the question whether he has. had at a certain time connection with an unmarried woman who was a. minor, but may be compelled to answer whether or not she was chaste at the time. In the latter case, if subsequently asked as to his means of knowledge, he may plead his privilege, if a further answer would criminate him.

In an action for breach of promise of marriage, proof of seduction can- not be given in aggravation of damages; and should the court, while ad- mitting the above to be the law, instruct the jury in such a manner as to mislead them on this subject, it will be regarded as error sufficient for re- versal.

ᵢ(Argued October 28, 1887. Decided November 11, 1887.)

NOTE.—As to statutory exemption from prosecution as a substitute for constitutional exemption from giving self incriminating evidence, see pre- sentation of authorities in editorial notes to *Re* Buskett, 14 L. R. A. 407; United States v. James, 26 L. R. A. 418. As to constitutional protection against furnishing evidence to be used against one's self in a civil case, see editorial note to Levy v. Superior Court, 29 L. R. A. 811.

October Term, 1887, No. 115, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ. Error to the Common Pleas No. 1 of Allegheny County to review a judgment for plaintiff in an action for a breach of promise of marriage. Reversed.

The defense was that plaintiff was an unchaste woman, both before and after the alleged promise of marriage.

On the trial John McConwell a witness for defendant was asked whether he had not had carnal knowledge of plaintiff on a certain day more than two years previous. He declined to answer and the court refused to compel him to do so. Exception. (First assignment of error )

This same witness was asked whether plaintiff was a chaste woman in December, 1882. Objected to. Objection sustained. Exception. (Second assignment of error.)

The court charged the jury, *inter alia,* as follows:

"The most of the argument of the counsel for plaintiff, who has just addressed you, was based on aggravating circumstances, something the law does not allow us to consider. I say very frankly my own opinion would be different; but I am bound by the decisions of the supreme court of Pennsylvania, which differ very radically from the decisions of the supreme court of some other states. (Third assignment of error.) . . . "Where a man engages himself either expressly or impliedly to a girl or woman, and particularly a girl under twenty-one years of age, secures her confidence, and she relying on the fact that if anything should occur, or, having confidence in his honor and integrity, submits her person to his lust, so far as I know, and so far as I am ready to say in this case, the plaintiff is not precluded from sustaining an action for breach of promise; and although it is true that in such a case we are bound to tell you that the fact that a child was born is itself not to be taken as an aggravation, if you are satisfied that this defendant has acted unfairly and improperly, and taken undue advantage of the position he put himself in, in his treatment of her, you may consider those circumstances in your verdict—not that a child was born, not that the woman may have been encumbered with the support of it, not that it would increase her disgrace—but the conduct that he was guilty of in deceiving and duping her in the promise

he made and his conduct in connection with everything that surrounds the transaction. (Fourth assignment of error.) . . . Here you are allowed to consider the disgrace, the feelings of misery, apart now from the child being born, the suffering that this girl may have undergone by reason of this breach of contract, if one took place, and the humiliation that she endured, and the public stigma that the breach of the contract may have brought to her. Upon this subject I give you the law in its stringency, and I must say with some regret; but I cannot help it, and it is your duty to apply it to this case. (Fifth assignment of error.) . . . (Quoting from reported case:) 'If a woman cannot make her seduction a ground of recovery directly, how can she make it so indirectly? Parties may show their circumstances and condition in life as a matter of aggravation or mitigation, but these have no connection with their participation in the act complained of; and no court has gone further.' The learned judge may have been right then, but a number of courts of high respectability have gone further since. (Sixth assignment of error.) . . . Although an action for a breach of promise of marriage is an action of contract, yet the circumstances which attend its breach, before, at the time, and after, may be given in evidence in aggravation of damages. This I have never known to be disputed, and so far has this principle been extended that Chief Justice PARSONS ruled in Paul v. Frazier, 3 Mass. 71, 3 Am. Dec. 95, that where seduction has been practised under color of a promise of marriage, the jury may consider it to aggravate the damages in an action on the contract." (Seventh assignment of error.)

Verdict for plaintiff for $1,100 and judgment thereon.

*W. D. Moore* and *F. C. McGirr,* for plaintiff in error.—Where an offense, in relation to which a witness refuses to answer questions is barred by the statute of limitations, he is bound to testify, because he cannot be punished for the offense. Weldon v. Burch, 12 Ill. 374; Wolfe v. Goulard, 15 Abb. Pr. 336; Floyd v. State, 7 Tex. 215; Ford v. State, 29 Ind. 541, 95 Am. Dec. 658; Close v. Olney, 1 Denio, 319; United States v. Smith, 4 Day, 121; Parkhurst v. Lowten, 1 Meriv. 400; People v. Mather, 4 Wend. 255, 21 Am. Dec. 122; Roberts v. Allatt, Moody & M. 192; Kendrick v. Com. 78 Va. 490; United States

v. McCarthy, 21 Blatchf. 469, 18 Fed. 87; People *ex rel.* Hack-ley v. Kelly, 24 N. Y. 74; Wharton, Ev. § 540; Greenl. Ev. § 45; Starkie, Ev. p. 206, and note by Judge SHARSWOOD, p. 41; United States v. Burr, 1 Rob. Burr's Trial, 207.

In Horstman v. Kaufman, 97 Pa. 151, 39 Am. Rep. 802, this court construes the phrase, "a witness may not be compelled to criminate himself," as synonymous with "shall not be compelled to give evidence that may be used against him in a criminal prosecution."

A witness will not be excused from answering because the answer may disgrace him. *Re* Doran, 2 Pars. Sel. Eq. Cas. 467; Weldon v. Burch, 12 Ill. 374; Greenl. Ev. § 454; Wharton, Ev. § 544.

It is text-book law that a question which, if answered, would merely expose the witness to a penalty, is proper and must be answered.

The court's expression of opinion, in the charge to the jury, of the injustice of the law in Pennsylvania as to not allowing damages for the seduction to be recovered in the action for the breach of promise of marriage, was calculated to prejudice and influence the jury against the defendant. Such expression of opinion is error. Reams v. Pancoast, 111 Pa. 42, 2 Atl. 205.

That damages for seduction may not be allowed in the action for breach of promise, see Weaver v. Bachert, 2 Pa. St. 80, 44 Am. Dec. 159, and Baldy v. Stratton, 11 Pa. 316.

That want of chastity of plaintiff may be shown in mitigation of damages, see Van Storch v. Griffin, 71 Pa. 240.

(No counsel or paper book for defendant in error.)

OPINION BY MR. JUSTICE GREEN:

We are not prepared to hold that where a witness is asked upon the stand to say whether he has committed a crime, he shall be compelled to do so simply because he may, if a prosecution for that crime is subsequently instituted against him, plead the statute of limitations in defense. It seems to us he is protected against criminating himself even to a prosecution. Were he compelled to answer the question as a witness his answer would be sufficient, when testified to by others who heard it, to lay before a magistrate who could commit him to prison to answer the charge in default of bail. It would be also sufficient to place be-

fore a grand jury who could find an indictment against him upon mere proof of his extorted answer. He could thereupon be compelled to appear in the criminal court to answer the charge, and would be obliged to employ counsel to defend him. He would necessarily undergo all the expense and trouble besides suffering the shame, perhaps the ignominy, of defending himself against a criminal accusation made by his own mouth, against himself, because he was coerced to do so by the peremptory order of a court clothed with power to commit him indefinitely to prison for contempt in case of disobedience. At least he would be obliged to plead the statute of limitations; and if the crime were infamous, an acquittal on such a plea would be scarcely better than a conviction.

We have never held that witness might be compelled to criminate himself in such circumstances; and with our present views we decline to hold so now. The first assignment of error is, therefore, dismissed.

The second assignment is better taken. The witness could have answered the question whether the plaintiff was a chaste woman categorically without criminating himself necessarily. If he answered that she was not chaste, and was then asked as to his means of knowledge, he could have pleaded his privilege if the further answer would criminate him. But as he might have known the fact in other ways than by any personal experience of his own, we think he was bound to answer the question as it was put and we therefore sustain the second assignment.

We sustain the remaining assignments because they cover a practical admission and application of evidence which under our well-settled decisions was not competent. The action was case for breach of a promise to marry. It is perfectly well settled that in such an action proof of seduction cannot be given in aggravation of damages. Weaver v. Bachert, 2 Pa. St. 80, 44 Am. Dec. 159; Baldy v. Stratton, 11 Pa. 316.

The learned judge of the court below, admitting this to be so, and in fact instructing the jury to that effect, nevertheless indulged in a line of comment which, it seems to us, tended to influence and mislead the jury. He practically took away all the effect of his statement that the birth of a child might not be proved in aggravation, by telling them that they might consider all the circumstances in their verdict. He included in these circumstances "the conduct that he (the defendant) was guilty

of in deceiving and duping her in the promise that he made, and his conduct in connection with everything that surrounded the transaction." Again; he said "Here you are allowed to consider the disgrace, the feelings of misery, apart now from the child being born, the suffering that this girl may have undergone by reason of this breach of contract, if one took place, and the humiliation that she endured, and the public stigma that the breach of contract may have brought to her. Upon this subject I give you the law in its stringency and, I must say, with some regret; but I cannot help it and it is your duty to apply it to this case." He then read a portion of the opinion of this court in the case of Weaver v. Bachert, 2 Pa. St. 80, 44 Am. Dec. 159, but omitted to read the remaining portion which shows that notwithstanding all that had been previously said, it was not competent, and properly so, to give evidence of the seduction in an action on the promise.

There was much more of similar comment in the course of the charge; and of course if the learned judge were merely expressing his personal views upon the base and dishonorable conduct of the man who would be guilty of such conduct, to a mere assembly of listeners, they would be entirely proper and just in all respects. But he was charging a jury in a civil action in which both he and they and we are strictly bound by the limitations of the law; and in such circumstances we think it is not well for the trial judge either to tell the jury that he regrets the state of the law, or to take away practically all its effect by a course of observations which simply tend to inflame the jury into disregarding it. Such we think was the tenor of the charge into which the learned judge was led, no doubt unconsciously, and in the expression of feelings which are very natural in ordinary circumstances, but are inappropriate in legal proceedings.

Entertaining these views we feel constrained to sustain the third, fourth, fifth, sixth, and seventh assignments.

Judgment reversed and new *venire* awarded.