## Huyett v. Reading

*Merkel, Spang & Martin,* for plaintiff.

*Speicher, Austin, Connor & Giorgi* and *Rhoda, Stout & Bradley,* for defendants.

LIPEZ, P. J. (Specially Presiding), June 3, 1964.— We must determine whether the refusal to answer certain questions on the ground of self incrimination requires an order pursuant to Pa. Rule of Civil Procedure 4019(c) that certain designated facts shall be taken as established for the purpose of an action in equity.

This action was begun by the issuance of a summons naming the City of Reading, its mayor and coun-

cilmen, a former councilman, William A. Ruoff, a corporation and the individual defendants, Howard H. and Thomas A. Huber, as defendants. Plaintiff gave defendants, Ruoff and Hubers, notice of his desire to take their depositions to aid him in preparing his complaint. Pursuant to Berks County Common Pleas Court Rule No. 282, requiring a statement of the basis and subject matter of the cause of action, the notice indicated that the purpose of the action was to compel the reconveyance of a tract of land with improvements, which allegedly had been sold by the city to defendants, Hubers, in August of 1960, fraudulently and without fair and adequate consideration. Defendants, Ruoff and Hubers, refused to answer all questions, except their names and addresses, invoking their privilege against self incrimination. Plaintiff then petitioned for an order pursuant to Pa. R. C. P. 4019 (b) to compel them to answer certain designated questions. After argument, the court considering the questions relevant, entered an order directing these defendants to answer the questions "subject to any lawful right which any of the hereinafter named defendants may have and assert to refuse to answer any questions on the ground that the answer may tend to incriminate them." Plaintiff again sought to take their oral depositions and again these defendants refused to answer on the grounds of self incrimination.

Plaintiff now asks us to enter an order directing that certain facts regarding which the questions were asked shall be taken to be established for the purpose of this action. They suggest that the only reasonable inferences to be drawn from refusals to answer are, in substance, that the Hubers were solicited by one or more officers or employes of the City of Reading, including Ruoff, for something of value, and that they paid such solicitor or solicitors, including Ruoff, something of value to effect the purchase of the tract from

the City of Reading in August 1960, for $22,000. They contend that such order is appropriate under Pa. R. C. P. 4019, which, in pertinent part, provides:

"(a) The court may, on motion, make an appropriate order if ...

"(3) A party ... refuses ... to obey an order of court made under Subdivision (b) of this rule requiring him ... to answer designated questions; ...

"(c) The court, when acting under Subdivision (a) of this rule, may make

"(1) An order that the matters regarding which the questions were asked, or the character or description of the thing or land, or the contents of the paper, or any other designated facts shall be taken to be established for the purposes of this action in accordance with the claim of the party obtaining the order."

Article I, sec. 9, of the Pennsylvania Constitution provides that an accused in a criminal proceeding "cannot be compelled to give evidence against himself." This constitutional provision, which has its counterpart in the fifth amendment to the Federal Constitution,[1] and is embodied in practically every State Constitution, except New Jersey and Iowa (see Commonwealth v. Frank, 159 Pa. Superior Ct. 271), is applicable to civil as well as criminal proceedings: McCarthy v. Arndstein, 266 U. S. 34; Evans v. Metropolitan Life Insurance Co., 294 Pa. 406. It extends to "all judicial or official hearings, investigations, or inquiries where persons are called upon formally to give testimony": McCormick on Evidence, 259. It includes depositions:

---

[1] As of this writing the fifth amendment has not been recognized as one of the fundamental rights embraced in the fourteenth amendment and, hence, obligatory on the States. See Cohen v. Hurley, 366 U. S. 117, 6 L. Ed. 2d, 156. The Supreme Court, on June 15, 1964, held in Malloy v. Hogan, 12 L. ed. 2d, 653, that the fourteenth amendment does make the fifth amendment privilege applicable to the States.

McCormick, supra; Ecker v. McClimons, 6 D. & C 2d 677; Rosenbaum Co. v. Tomlinson, 7 D. & C. 2d 500; Putnik Travel & Tourist Agency v. Goldberg, 17 D. & C. 2d 590.

There are only two constitutional modifications to this article. Article III, sec. 32, provides that any person may be compelled to testify in a judicial proceeding against anyone who may be charged with having committed the offense of bribery or corrupt solicitation and shall not be permitted to withhold his testimony on the ground that it may incriminate him . . . "but such testimony shall not afterwards be used against him in any judicial proceeding . . ." See Commonwealth v. Cameron, 42 Pa. Superior Ct. 347, affirmed, 229 Pa. 592. Article VIII, sec. 10, provides that no person shall withhold his testimony in a contested election investigation upon the ground that it may incriminate him.

Plaintiff chose not to request us to require the witnesses to answer pursuant to the immunity provision of article III, sec. 32, and, of course, no answers were given calling for immunization; hence, we need not discuss it further, except to point to the breadth of its scope as applicable to any "judicial proceeding." See Commonwealth v. Kilgallen, 379 Pa. 315, 327.

Pa. R. C. P. 4011 heading is labeled "Limitation of Scope of Discovery and Inspection", and provides, in pertinent part, as follows:

"No discovery or inspection shall be permitted which . . . (c) relates to matter which is privileged . . ."

Plaintiff contends that the "privileged" "matter" referred to has nothing to do with the constitutional right against self incrimination, and encompasses only such matters as privileged communications between persons, involving certain confidential relationships one to another. We think it is clear that long usage

and common understanding of the constitutional provision against self incrimination has categorized it as a "privilege". See, for example, Schwinger Appeal, 181 Pa. Superior Ct. 532. Goodrich Amram, vol. 4, p. 208, states: "This provision includes matters protected by the privilege against selfincrimination." The Federal rules have been similarly construed. See 4 Moore's Federal Practice, §26:22.

Plaintiff further contends that defendants' refusal to answer proper and relevant questions, regardless of the reasons therefor, subjects them to the sanction of having the facts taken to be established for the purpose of the action under Pa. R. C. P. 4019 (c), first, because the rule makes no distinction whatsoever as to the many possible reasons for refusal to answer, and, secondly, because the purpose of the constitutional guarantee against self incrimination, namely, the protection against criminal prosecution based on involuntarily elicited testimony, has nothing whatsoever to do with the civil consequences of a person's refusal to answer relevant questions upon discovery in a civil action.

The short answer to the first contention is that all the rules must be construed in relation to each other, and rule 4011 specifically prohibits discovery of privileged matter. Our order of April 1, 1964, was made with this very provision in mind.

As to the civil consequences, no court, as far as we have been able to discover, has gone to the length of having such facts taken to be admitted because of the invocation of the constitutional privilege.

Plaintiff cites Prep v. Pennsylvania Turnpike Commission, 78 Dauph. 164. Plaintiff therein refused to answer defendant's interrogatories on the ground of self incrimination. The court distinguished the relative positions of plaintiff and defendant in such situation, noting that since plaintiff is the moving party seeking

the aid of the court, he cannot proceed with his case and withhold pertinent information, whereas, defendant is an unwilling party, seeking no relief, but only the right to defend.[2] The court gave plaintiff further opportunity to answer.

The Federal cases cited by plaintiff are not helpful. In Independent Production Corporation v. Loew's, Inc., 30 F. R. D. 377 (1962), plaintiff's managing agent asserted his privilege against answering certain questions, notwithstanding an order to answer. Plaintiffs had directed him to answer and had offered stipulations to cover the questions which he had refused to answer. Under the circumstances, the court refused to dismiss the action, directing instead that the parties submit stipulations to cover the questions asked; and in U. S. v. Costello, 222 F. 2d 656, the court upheld a fine against defendant for refusal to answer certain questions on the ground that the answers to the questions propounded would not be incriminatory.

The invocation of the privilege may have certain civil consequences. Thus, the Federal courts have held that in civil cases there may be an inference where the privilege is claimed by a party.[3] See Orfield, The Privilege Against Self Incrimination in Federal Cases, 25 U. of Pitt. Law Review, 503, 540. Even so, such an inference does not amount to substantive proof and cannot take the place of proof of a fact necessary to the others case: 20 Am. Jur., Evidence, §194; 70 A. L. R. 1327; Rosenthal v. Ostrow, 287 Pa. 87.

---

[2] The court's position could also be sustained on the ground of waiver. See Independent Production Corp. v. Loew's, Inc., 30 F. R. D. 377 (1962).

[3] In a civil action for a *penalty*, the court held in Boyle v. Smithman, 146 Pa. 255, that defendant's refusal to produce his books could not be commented upon or used as a presumption against him. Actions for penalties seem to be equated with criminal actions and, hence, the privilege is equally applicable. See also Logan v. Penna. R. R. Co., 132 Pa. 403.

The privilege is personal and may, in various ways, be waived: Commonwealth v. Tracy, 137 Pa. Superior Ct. 221. Thus, it has been held that the mere bringing of a suit, regardless of intention, constitutes a waiver by plaintiff: Independent Production Corp. v. Loew's, Inc., 22 F. R. D. 266. We have found no case, however, where a court has held that merely defending an action constitutes a waiver.

In most jurisdictions, where the statute of limitation bars prosecution, the privilege ceases. As stated in 8 Wigmore, Evidence, §2279, "A crime erased by lapse of time exists no longer. There is therefore no criminal fact to be privileged from disclosure . . ." The Federal courts are in agreement: Brown v. Walker, 161 U. S. 591; Moore v. Bachus, 78 F. 2d 571. The New Jersey Supreme Court, in In re Pillo, 11 N. J. 8, 93 Atl. 2d 176, in an opinion by Justice William J. Brennan, Jr. (now a United States Supreme Court Justice), stated:

"The privilege, by unanimous authority, does not protect against disclosure of facts in respect of which prosecution is barred by lapse of time."

The only appellate court case in Pennsylvania on the subject (McFadden v. Reynolds, 9 Sadler 105, 20 W. N. C. 312) takes a contrary view, holding that the running of the statute is not a bar to invoking the privilege. Our appellate courts have not since then cited it for this proposition, though it has never been overruled. Rosenbaum Co. v. Tomlinson, 7 D. & C. 2d 500, and Putnik Travel & Tourist Agency v. Goldberg, 17 D. & C. 2d 590, felt bound by it, as do we. Prep v. Pennsylvania Turnpike Commission, 29 D. & C. 2d 665, takes a contrary view.

However, the burden of proving the nonexistence of any prosecution instituted prior to the expiration of the limitation period is on the one seeking the answer: Moore v. Bachus, supra; Orfield, supra, p. 554. No such

proof is present here. In any event, the facts before us are too meager for a determination as to whether prosecution is barred.[4]

It is obvious, of course, that the constitutional privilege exists and may be invoked whether or not provision therefor is made in the Rules. Legislation may not detract from it (Counselman v. Hitchcock, 142 U. S. 562), and, a fortiori, rules based on a legislative grant may not. However, the privilege involves adjective law or procedure (McCarthy v. Arndstein, 266 U. S. 34, 41), and may, therefore, be the subject of rules of procedure, provided such rules do not violate the privilege itself: Orfield, supra, 503. Pa. R. C. P. 4011 is, by its very language, a "thou shalt not." In clear, mandatory terms it states that discovery of privileged matter shall not be permitted. It has, therefore, withdrawn from us consideration of the reach of the constitutional privilege. Whether the Supreme Court can promulgate a rule authorizing the courts to make findings and orders, such as here requested, which would be free from the interdiction of the constitutional provision, is not for us to say. We merely say that, under the present rules, we may not do so.

### Order

And now, June 3, 1964, plaintiff's petition, pursuant to Pa. R. C. P. 4019 (c) for an order that certain designated facts shall be taken as established for the purpose of this action, is refused.

---

[4] Plaintiff, neither in oral argument nor brief, has urged the application of the statute as a bar to the privilege. Defendants, Hubers, argue that, in any event, the McFadden case is applicable. The statute (see Act of March 31, 1860, P. L. 429, as amended April 6, 1939, P. L. 17, 19 PS §211) might be applicable to the Hubers under the two-year limitation, and either the two or six-year period as to Ruoff, depending on when his term of office ceased. Even as to the Hubers, if they were "accomplices and confederates" of the public officers, the longer limitation period might be applicable. It is conceivable, therefore, that the statute has not run.