## Automobile Banking Corp. v. Hadden

*Samuel Lichtenfeld,* for plaintiff.
*Richard L. Cantor,* for defendants.

GAWTHROP, P. J., July 21, 1966.—This is an application for imposition of sanctions upon defendants under Pennsylvania Rule of Civil Procedure 4019 for their refusal to answer certain questions put to them on taking depositions on discovery. After argument, the matter is before us for decision.

Plaintiff entered judgment by confession against defendants after default on a note accompanying a contract of sale of personal property. By agreement of the parties, the judgment was opened and the action was continued as a suit in assumpsit. Grant Hadden has pleaded the defense of false representation and makes a counterclaim for damages therefor. Elanore Hadden denies her signature to the contract.

Richard W. Cantor, Esquire, represented defendants as their counsel and appeared with them when plaintiff took their depositions. Each defendant, on being asked about how Elanore Hadden's alleged signature was placed upon the contract, declined to answer, Grant Hadden claiming his constitutional privilege against self-incrimination and Elanore Hadden

claiming the privilege of confidential communication between attorney and client. We shall consider the questions separately.

## GRANT HADDEN

When asked by counsel whether he recognized either or both of the signatures, Grant Hadden and Elanore Hadden, appearing on a photostatic copy of the original purchase contract, Grant Hadden declined to answer "on the ground that it might incriminate me", after being advised by his counsel, Mr. Cantor, to claim his constitutional privilege. This he clearly was entitled to do. Plaintiff, however, seeks an order of the court determining that the exercise of that privilege in a civil action gives rise to an inference unfavorable to him, basing its argument on 8 Wigmore, Evidence (3rd ed.) §2272(e) and Pocket Part, 98 C. J. S. §455, and certain cases from other jurisdictions cited in both. No Pennsylvania decisions have been found or cited to support that position. Huyett v. Reading, 34 D. & C. 2d 193, however, reaches the opposite result.

In Huyett, the court refused to order as a sanction, under Pa. R. C. P. 4019(c), that certain facts be taken as established in a civil action where defendants refused to answer questions on depositions on the ground of possible self-incrimination, since Pa. R. C. P. 4011 specifically prohibits discovery of privileged matter. It recognized the holdings of some Federal courts in civil cases that there may be an inference unfavorable to the party claiming the privilege, but held that such an inference does not amount to substantive evidence which takes the place of proof of a fact necessary to the opponent's case, citing Rosenthal v. Ostrow, 287 Pa. 87. We reach a similar result here, but for a different reason.

Plaintiff invokes imposition of a sanction in the form of an inference unfavorable to Grant Hadden based on exercise of his right to claim his constitutional privilege. The privilege is available to him whether or

not the statute of limitations has run against a possible prosecution: McFadden v. Reynolds, 9 Sadler 105; 20 W. N. C. 312. Plaintiff seeks also for the same reason the sanction of foreclosing his right to press his counterclaim. Under Pa. R. C. P. 4019(c), no sanctions whatever may be imposed unless a refusal to answer questions on depositions is wilful, and where the claim of constitutional privilege is concerned, that rule clearly applies: cf. Rapoport v. Sirott, 418 Pa. 50, 56-57, and footnote 7. No wilful refusal to answer may be found from a claim of constitutional privilege based upon advice of counsel, and, consequently, no sanctions may be imposed upon Grant Hadden as a result.

### ELANORE HADDEN

Earlier on the day of taking defendants' depositions, both of them called at the office of their counsel, Mr. Cantor. While there, but not clearly in counsel's presence, Grant Hadden told his mother, Elanore Hadden, how her alleged signature happened to appear on the contract. Her testimony at depositions was that she "can't say definitely" that Mr. Cantor was present when her son made that disclosure. When asked by counsel: "How did your son tell you the signature came to be on the contract?" she refused to answer on advice of her counsel, then present, claiming privileged communication between attorney and client. Her claim of privilege is invalid.

The Act of May 23, 1887, P. L. 158, sec. 5(d), 28 PS §321, provides:

"Nor shall counsel be competent or permitted to testify to confidential communications made to him by his client or the client be compelled to disclose the same, unless in either case this privilege be waived upon the trial by the client".

No question of waiver is involved. The key to the situation is Elanore Hadden's failure to establish that

her son's disclosure was made by him *to his counsel* rather than to his mother. No Pennsylvania statute creates a privilege against disclosure of communications made between parent and child, and none exists under the common law: 3 Wharton, Criminal Evidence §792 (12th ed.). We cannot find from the evidence that Grant Hadden communicated *to Mr. Cantor*, counsel for both defendants, how Elanore Hadden's alleged signature happened to be placed on the contract because the record fails to show that Mr. Cantor was present at the time. It shows only an unprivileged communication by Grant Hadden to his mother with no one else present. The rule of privileged communication, tending to prevent full disclosure of the truth, should be strictly construed and limited to the cases falling within the principle on which it is based; it should extend no further than is absolutely necessary to enable the client to obtain the attorney's professional advice with safety: 97 C. J. S. §276. Seip's Estate, 163 Pa. 423, cited by defendants, is distinguishable and not controlling. Elanore Hadden is, therefore, required to disclose the content of the communication made by her son to her.

And now, July 21, 1966, plaintiff's rule to show cause why Grant Hadden should not answer the questions propounded to him or be held in contempt and sanctions be imposed upon him for his failure to do so is discharged; the rule to show cause why Elanore Hadden should not be compelled to answer the questions propounded to her or be held in contempt and sanctions be imposed upon her for her failure to do so is made absolute; said Elanore Hadden is hereby ordered to answer the questions propounded to her, and upon her failure or refusal so to do she, said Elanore Hadden, shall not be permitted to offer any evidence in the case in support of her defense as to her signature to the contract in suit.