## Badgley *against* Beale.

Wages cannot be recovered on a contract to serve as a marker at an illicit billiard table, such contract being unlawful and void.

ERROR to the common pleas of *Alleghany* county.

This was an appeal from the judgment of an alderman, before whom Hiram Badgley, the plaintiff in error, had recovered a claim for wages as the keeper of a billiard table for George Beale, the defendant in error.    On the trial, in the common pleas, it appeared in evidence that the parties had entered into a contract in the month of February 1830, by which Badgley was to enter into the service of Beale in the capacity above stated, for the sum of 250 dollars per annum, payable quarterly.    Badgley kept the table for his employer for a period of six months and better.    He received his pay for the first quarter.    Beale then refused to make further payments, upon which the plaintiff left his service.    At the time of the contract, and during the service of the plaintiff, Beale kept a public house in Pittsburgh.    The table was kept in a building back of the premises, and formerly used as a printing office.    The plaintiff's business was to keep the games played at the table and attend to the room.    The charge made by the defendant for each game, was 12½ cents, which was always paid by the player who lost the game.    Liquor was sometimes played for at the table.

The court below (Shaler, president) charged the jury, "that the promise and assumption of the defendant were contrary to the policy of the law of Pennsylvania, and therefore void."

Error was assigned to this charge of the court below.

*Forward*, for the plaintiff in error, stated that the defence was founded upon the act of assembly in relation to innkeepers, in reference to which it was contended that Badgley had been employed in an unlawful service, and could not, therefore, recover.    But Badgley had no interest in the table, nor participation in its profits: and keeping the game was but a small part of his business.    Other services, which he rendered, were greater.    According to the decision of the court below, any servant about a tippling house would have to inquire whether his employer had a license, and if the result of his inquiries should turn out to be a mistake on his part, still he could not recover his wages.    Here the plaintiff was not, we contend, answerable for the misdemeanour of the innkeeper, who was himself liable.    If the marker of the table has no legal claim for his wages, it might, with as much propriety, be decided that the mechanic who

made it has none for his work.    Toler *v.* Armstrong, 4 *Wash. C. C. Rep.* 297 ; *Purd. Dig.* 346, 347.

*Fetterman,* for·defendant in error, was stopped by the court.

The opinion of the Court was delivered by

GIBSON, C. J.—It is an undoubted rule that a contract growing out of a transaction whose known tendency was to encourage a breach of the laws, is not to be enforced.   For this reason it has been held, that an action is not maintainable for the price of drugs purchased by a brewer avowedly with a design to use them in violation of the provisions of a statute ; or by an innkeeper for refreshments furnished to the defendant's voters at an election.   So an action has been held not to lie on a contract in reference to an illegal voyage, because the accessary follows the nature of its principal; or for the use and occupation of lodgings let with knowledge that they were to be used for purposes of prostitution.   The only apparent exception to this, is the case of an action sustained for washing the clothes of a prostitute, knowing her to be such, on the humane principle that even a prostitute must have clean linen for honest purposes, and that it is impossible to distinguish the articles that are intended to be put to an impure use : but the principle of the exception has been qualified in respect to dresses furnished, by requiring it to appear that they were not delivered with a view to the business of prostitution, or with an expectation that they would be paid for out of the profits of it.   These instances obviously point to the existence of a rule which inhibits the execution of a contract whose consideration was aid or encouragement, however remote, of an act prohibited even by the common law; and where, as here, the act is prohibited by statute, the rule is still, if possible, more extensive in its consequences. "Every contract," said Lord Holt in Bartlett *v.* Vinor, *Carth.* 252, "made for, or *about,* any matter or thing which is prohibited· and made unlawful by statute, is a void contract though the statute itself doth not mention that it shall be so, but only inflicts a penalty on the defaulter."   The cases of each class, however, are clear and full to prove that where the services were rendered in a transaction which was itself an immediate and direct breach of the laws, an action for compensation cannot be maintained.   The case of participation in an illegal voyage is full to the purpose.   What is the office of a marker at an illicit billiard table ?   He is an assistant at a prohibited game, and as much participant of its criminality as the supercargo is participant of the criminality of a voyage planned expressly for smuggling or trading with an enemy.   He is not, as alleged, in the situation of an actor engaged to perform at an unlicensed theatre, or a servant employed at an unlicensed tavern, whose duty it is not to inquire into the conformity of the manager or owner to municipal regulations, and who is therefore not presumed to be informed of the want of it.   Every game played for the sum charged for the table,

[Badgley v. Beale.]

which, to say nothing of the liquor occasionally played for, was invariably betted on the issue of the games kept by the plaintiff, was a flagrant breach of the laws, of which he was not ignorant.   Even an actor at an unlicensed theatre, or the barkeeper of a tippling house, would be turned out of court if it appeared to have been the known intention of the manager or tavernkeeper to open his house in defiance of the laws.   The contract therefore being unlawful, the direction to find for the defendant was entirely proper.

Judgment affirmed.