## Pepper v. Direnzo

*Isadore Krasno*, for claimant.
*Joseph Seesholtz*, for defendant.

PALMER, P. J., November 2, 1942.—In this case the workmen's compensation referee made an award to claimant because of injuries received by him while in the employ of defendant on January 21, 1941, and the board affirmed the action of the referee.

At the hearing before the referee, claimant testified that for "pretty near a year" prior to the date of the accident he had worked for defendant at driv-

ing a truck, but was injured at the "operation" place of defendant, and when asked, "Was this a bootleg operation?" answered "yes" and when asked, "And when you started to work in January of 1941, you knew it was a bootleg operation", answered "yes".

In Walcofski v. Lehigh Valley Coal Co., 278 Pa. 84, the Supreme Court said (p. 88) :

"We have consistently followed a public policy announced long ago by this court; it will not aid a man who grounds his cause on an immoral or illegal act. As stated in Badgley v. Beale, 3 Watts 263, ' "Every contract made for, or about, any matter or thing which is prohibited and made unlawful by statute, is a void contract, though the statute itself doth not mention that it shall be so, but only inflicts a penalty on the defaulter." The cases of each class, however, are clear and full to prove that where the services were rendered in a transaction which was itself an immediate and direct breach of the laws, an action for compensation cannot be maintained.' See also Seidenbender v. Charles, 4 S. & R. 151, 172; Columbia Bank and Bridge Co. v. Haldeman, 7 W. & S. 233, 234."

In Garancosky v. Chervanik, 29 D. & C. 88, the court adopted the definition given in Webster's New International Dictionary (2nd ed.) as to the word "bootleg" as follows: "To produce or obtain for sale or distribution, or to sell or distribute, illicitly".

In that case (p. 90) the claimant was refused compensation on the ground that a workman who with full knowledge assists his employer in preparing for market merchandise or products stolen or received as stolen goods aids and abets the employer in enjoying profits to be made from such an illegal undertaking, and hence cannot base his claim for compensation on "a contract of hiring", since "There can be no contract to perform an illegal act. Such a purported contract is void. The contract of hiring as set forth in the statute must be a legal one, for the performance of duties not in violation of law." In the case just cited,

the court refers to Pennsylvania authorities, and the authorities of sister States supporting his conclusion.

The principle of law involved in this case is the same principle as that under discussion in the Garancosky case.

In the instant case, claimant testified (as before quoted) that he knew that he was employed at a "bootleg operation". This prevents recovery under The Workmen's Compensation Act of June 2, 1915, P. L. 736.

And now, November 2, 1942, the appeal of defendant is sustained, the Workmen's Compensation Board reversed, and judgment is directed to be entered for defendant.