Commonwealth ex rel. Bureau of Weights & Measures *v.* C. G. Heyd & Company, Appellant.

Argued October 2, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Walter G. Dugger,* for appellant.

*Franklin E. Barr,* Assistant District Attorney, with him *J. Herman Kahn* and *John H. Maurer,* District Attorney, for appellee.

OPINION BY JAMES, J.:

C. G. Heyd & Company, a partnership, was summarily convicted before a magistrate of selling short weight butter to Mary Stec in violation of the Act of May 11, 1911, P. L. 275. On appeal to the Court of Quarter Sessions the case was heard de novo; the partnership was adjudged guilty and sentenced. Hence this appeal.

It is undisputed that when representatives of the Bureau of Weights and Measures of the City of Philadelphia inspected the grocery store of Mary Stec they found in her refrigerator eight separate packages of

butter, wrapped in waxed paper and bearing the printed label "One Pound Net Weight Butter, Distributed by C. G. Heyd & Company, Philadelphia." When weighed, each package contained only fifteen ounces instead of one pound as stated on the label. Mary Stec had bought the packages from Michael Zagorski, a distributor, who had acquired them, a part of a larger quantity, from appellant.

The 1911 Act as amended, July 24, 1913, P. L. 960 and April 21, 1921, P. L. 265, in §3, 76 PS 209, provides: "Each person who shall, directly or indirectly, or by his servant or agent, or as the servant or agent of another ...... give or offer to give any false or insufficient weight or measure, ...... shall, upon conviction thereof in a summary proceeding before any alderman, magistrate, or justice of the peace ...... be sentenced to pay a fine ......" The original Act of May 11, 1911, P. L. 275 reads: "Whoever himself, or by his servant or agent, or as the servant or agent of another person, is guilty of giving false or insufficient weight or measure, shall ...... be punished by a fine ......" Among the changes effected, the amendment of 1913 added the words *directly or indirectly* to the Act. In view of appellant's admission that the label on the wrapped butter falsely certified the net weight of the package to be a full pound, appellant was guilty of indirectly offering to give an insufficient weight to the retailer, Mary Stec, within the intent of the 1911 act. The statement as to the weight was an assurance to the retailer and her customers as well as to Zagorski the distributor, all of whom normally would rely upon the label, as to the weight of the package although it was one ounce short. We need not concern ourselves with the status of Zagorski. He admittedly sold the butter as full weight and Mary Stec bought it relying on the certificate of appellant. Zagorski has not been charged with a violation of the Act.

Although other questions are argued by appellant,

they are not controlling and we shall discuss solely the main contention of appellant, which, in the words of the trial judge, is "that the Short Weights Act of 1911, as amended, does not apply to it as a wholesaler of butter, because wholesalers, jobbers, and commission merchants are specially excepted from the operation of another Act, (Act of July 24, 1913, P. L. 965, as amended by the Act of June 7, 1915, P. L. 886, 76 PS 250) which was passed at the same session of the Legislature as the 1913 amendment to the Act of 1911, and which forbids the sale of falsely labeled commodities." To support this contention, the defendant invokes the rule of statutory construction that 'Laws in pari materia, shall, if possible, be construed together as one law' (Act of May 28, 1937, P. L. 1019, Art. IV, Sec. 62, 46 PS 562) and argues that, as both of the 1913 Acts deal with the same subject matter, and became laws by the Governor's approval on the same day, they with their amendments are in the nature of a code, and should be construed together as such exempting wholesalers from the operation of the Acts.

The rule of pari materia may not, and never has been applied as appellant seeks to use it, to narrow the compass of one statute by reference to another non-conflicting and non-repealing act. Actually a different deduction has been drawn from the contemporaneous passage of two statutes. Where "...... two statutes were adopted at the same session of the legislature, ...... if possible, each must be given full effect without one infringing upon the domain of the other: White v. City of Meadville, 177 Pa. 643; Duffy v. Cooke, 239 Pa. 427": *Lincoln v. National Tube Co.,* 268 Pa. 504, 506, 112 A. 73; *Com. ex rel. v. Kline,* 294 Pa. 562, 144 A. 750. This holding is reflected in §51 of the Statutory Construction Act, 46 PS 551, which provides that: "every law shall be construed, if possible, to give effect to all its provisions." The principle is especially applicable where as here the two Acts are consistent and an exemption

of a class appears only in a later amendment of only one of them.

A comparison of the titles of the Act of 1911 ("To provide for the appointment of county and city inspectors of weights and measures; providing for their compensation and expenses; prescribing their duties; ...... and fixing penalties for the violation of the provisions thereof") with that of 1913 ("Defining commodities; regulating the sale thereof; and providing penalties for violation hereof") reveals that the 1911 Act is a comprehensive measure to insure correct weights and measures, whereas the Act of 1913, in the sections with which we are concerned, was directed to regulating the trade in commodities by definite and specified means. In their application they may relate "to the same persons or things or to the same class of persons or things" but in strictness (as they must be construed) they are not in pari materia. In the Commodities Act, insofar as it relates to misbranding, false weight is merely one of the incidents which work a violation; the 1911 Act with its amendments is a false weight statute and nothing more. The Commodities Act of 1913 prohibits the sale of a commodity "on the container of which is marked any false statement" respecting its weight only if done with intent to defraud. Without violating that Act one may sell an underweight commodity in an incorrectly labeled container if done innocently. But such person is nevertheless guilty of a violation of the Act of 1911. Since neither criminal intent or guilty knowledge are elements of the offense punishable under the 1911 Act, (*Com. v. Cohen*, 103 Pa. Superior Ct. 496, 157 A. 216) evidence of the giving of false or insufficient weight by any producer or middleman who sells the product in the course of moving it to the ultimate consumer will meet the burden of proof which rests upon the Commonwealth. It is apparent then that exceptions made to narrow the scope of the Commodities Act of 1913 by later amendment, were not

intended to apply to the broader provision of the Act of 1911. Moreover, in our view the Commodities Act does not exempt a wholesaler who over his own name falsely certifies the weight of the product on the container. The amendment of 1915 applies "to the marking of the net quantity of the contents on containers or packages handled, sold, or offered for sale by wholesalers, jobbers, or commission merchants," and exemption from liability, apparently, was intended only when the wholesaler innocently sold packaged commodities, falsely marked by the producer or other dealer from whom he bought them. Nowhere are wholesalers given complete absolution to cheat customers by selling underweight products without risking the penalties of the criminal law.

While the Act of 1911 is penal and is subject to the rule of strict construction, 46 PS 558, it need not be given its narrowest meaning if the plain intention of the legislature is otherwise. *Com. v. Burall,* 146 Pa. Superior Ct. 525, 22 A. 2d 619; *Com. v. Bienkowski,* 137 Pa. Superior Ct. 474, 9 A. 2d 169. To adopt the construction contended for by appellant would be the equivalent of saying that wholesalers, jobbers or commission merchants may defraud their vendees, with impunity but all others may not, thus reducing the operation of the two statutes to an absurdity.

Judgment affirmed.

Per Curiam, January 25, 1945:

The foregoing opinion was prepared by Judge James prior to the expiration of his term of office. It is now adopted as the opinion of the Court.