## Drab v. City of Philadelphia

*Vincent B. Corsetti,* for plaintiff.

*Edward G. Bauer, Jr.,* City Solicitor, and *Edward J. Marcantonio,* Assistant City Solicitor, for defendants.

BARBIERI, J., July 18, 1969.—This case presents a first instance issue like the one just recently decided by this court on July 10, 1969, in the case of McCollum, Jr. v. Laubach, 47 D. & C. 2d 155. Both of these cases have to do with expanded venue provided under Pennsylvania Rule of Civil Procedure 1006(c), which provides:

"An action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of subdivisions (a) or (b)."

As in McCollum, plaintiff herein brings an automobile trespass suit in Philadelphia County against a nonresident defendant, joining a Philadelphia codefendant, whereby Philadelphia venue is provided under the rule. Defendants, Daryl W. Smith and Wayne E. Smith, are residents of Perry County where the accident happened. Plaintiff is a Philadelphia resident and is a deputy sheriff in the office of the Sheriff of Philadelphia County. As in McCollum, plaintiff is charged with abuse of the venue privilege

provided by rule 1006, in that the suit here is predicated upon purely "manufactured" jurisdiction to get Philadelphia venue. We held in McCollum that, if the complaint contained averments which would impose liability on a named Philadelphia defendant, this was sufficient to supply jurisdiction for venue purposes in the Philadelphia courts; and that it was not open to us to inquire into the motive which may have influenced plaintiff in joining such a Philadelphia defendant.

Here, as in McCollum, the objections to Philadelphia venue filed by the non-Philadelphia defendants are not joined in or supported by the Philadelphia defendant. There is a difference here, however, in that the City of Philadelphia in this case enjoys an immunity from suit if the injuries of plaintiff, Drab, are compensable under the Pennsylvania workmen's compensation laws. Compensation liability, of course, exists only if plaintiff was in the course of his city employment when injured.

The real question before this court, then, is whether or not on the kind of objections to venue that are pending before us the city must be accorded the immunity from suit provided in section 303 of the Workmen's Compensation Act,[1] for we are satisfied here, as we were in McCollum, that a non-Philadelphia defendant in a rule 1006(e) venue controversy has standing to object to the joinder of the forum defendant, even though that defendant offers no objection to its joinder. In ruling on this phrase of the Smith objections, we adopt and apply here what we said in McCollum:

"The contention of Laubach is in reality a demurrer to plaintiff's complaint on behalf of defendant, General Motors Corporation. While there may be some question as to the standing of one defendant to present

---

[1]The Act of June 2, 1915, P. L. 736, sec. 303, 77 PS §481.

and pursue a demurrer to plaintiffs' complaint on behalf of another defendant, this court feels that the demurring defendant in this case, Laubach, has such standing, because the venue of the case and the authority of this county over him as a party defendant turns entirely upon the question of whether or not the other defendant should be sued here."

We find much more vexatious the remaining issue as to whether or not we should dismiss plaintiff Drab's complaint for lack of Philadelphia venue, since the sole basis for that venue is the joinder of defendant city which appears to be immune from suit by Drab. It is evident that the immunity ground for demurrer can only be recognized if, on the face of the complaint, objections and answer, the city's responsibility under the Workmen's Compensation Act is unquestionable.

While there can be no doubt that immunity from suit is an affirmative defense under Pa. R. C. P. 1045, and must be pleaded under "new matter," as the city has done in this case, it is not true, as plaintiff contends, that every claim of immunity must be litigated at trial. Since, as in McCollum, the objections herein are treated as a demurrer, we turn first to inquire whether or not plaintiff's complaint states a well pleaded cause of action against the City of Philadelphia. The pertinent averments in the complaint are ". . . the plaintiff is an employe and at the time and place hereinafter referred to was employed as a deputy sheriff in the office of the sheriff of Philadelphia County . . ." In subsequent paragraphs "time and place" are spelled out, with the time of the accident fixed as August 6, 1968, and the place Landisburg, Perry County, Pa. Other averments indicate that plaintiff was riding in a sheriff's truck being then operated by a fellow employe, Nathan Litman, who was in the course of his employment when the accident happened. Paragraph 4 of the Smiths' pre-

liminary objections avers that "the plaintiff was in the course and scope of his employment at the time . . ." Plaintiff's answer includes the admission that "the plaintiff was an employe of the City of Philadelphia at the time of the accident . . . ," but denies as a conclusion that this deprives him of a cause of action against the City of Philadelphia, stating: "There is a cause of action, and the city may have a defense raised under new matter as compensation liability only."

If plaintiff's averments in his complaint and in his answer to the Smiths' objections amount to an admission that plaintiff was "in the course of his employment" by the City of Philadelphia when he sustained the injuries for which he seeks recovery against the city, there could be no question that the Smiths' objections, treated as a demurrer, should be granted; (Hyzy v. Pittsburgh Coal Company, 384 Pa. 316), even though, as plaintiff argues, issues like the immunity question in this case may ordinarily be reserved to the time of the trial: Socha v. Metz, 385 Pa. 632 (1956); Ventura v. Skylark Motel, Inc., 431 Pa. 459 (1960).

In considering our Supreme Court cases, particularly Socha and Ventura, supra, the controlling distinction that must be made is between the situation where it is not certain whether the employe was in the course of his employment at the time of the accident, and the case in which he flatly admits that he was in the course of his employment, but seeks to avoid the immunity on grounds other than employment. An illustration of this is found in the Hyzy case, supra, in which the complaint averred that plaintiff was fatally injured ". . . while in the course of his employment. . . ." Thus, plaintiff was faced with a clear case of workmen's compensation immunity. His attempt to oppose the demurrer was on the contention that the injuries were the direct result of the employer's violation of a special safety law enacted by the legislature

for the precise purpose of safeguarding employes like plaintiff from the kind of injuries sustained by him. The granting of the demurrer was sustained. Mr. Justice Musmanno dissented, adopting the view that the immunity which normally attached should not be available to a defendant who caused injuries to his employe by violating a safety statute.

It is now settled that where the status of the employe at the time of the accident qualified him to receive workmen's compensation benefits, such as where the employe admits that he was in the course of his employment when injured, the immunity automatically attaches and may be availed of by demurrer, except only where the complaint contains the averment that the Workmen's Compensation Act has been rejected under the provisions of section 302(b) of the act, 77 PS §462; Ventura v. Skylark Motel, Inc., supra.

Returning now to the case before this court, it is evident that plaintiff is free to argue that he has not admitted compensation coverage, even if he has filed a petition for workmen's compensation benefits, because that proceeding has not yet been resolved. He argues that the compensation authorities may well rule that he and the driver were on an unauthorized deviation from the prescribed course of their duties when the accident happened. Also, it is possible that the driver, Litman, was on an authorized mission, but Drab was not, even though this may be quite unlikely. There may be other defenses, and the common pleas court has no jurisdiction to decide any such workmen's compensation issue.

In American Casualty Company of Reading v. Kligerman, 365 Pa. 168 (1950); the Supreme Court stated:

"A reading of the statute and its many amendments makes it manifest that the legislation relating to

workmen's compensation was designed and intended to establish exclusive jurisdiction, practice and procedure in all matters pertaining to such subject matter. It is clear that the jurisdiction of the courts of common pleas and of the appellate courts relates solely to *review* on appeal. The statutory provisions relate to both cases *commenced by petition* and to *agreements for compensation.*" (Italics supplied.)

Accordingly, since the instant case is not one of admitted workmen's compensation responsibility on the part of the city, Smiths' objections to venue based on the joinder will be dismissed.[2]

### ORDER

And now, July 18, 1969, the preliminary objections of defendants, Daryl W. Smith and Wayne E. Smith, are dismissed, with leave to answer or otherwise plead to the complaint within 20 days after service of this order.

[2]A somewhat similar situation resulted in a ruling like ours in the case of Erb v. Eaton, Yale & Towne, Inc. (U. S. D. Ct., E. D. of Pa., filed February 6, 1969, and reported in The Legal Intelligencer of March 10, 1969).