Winston **HARTWELL**, Appellant,

v.

**ALLIED CHEMICAL CORPORATION,**
parent corporation, et al.

No. 71–1161.

United States Court of Appeals,
Third Circuit.

Submitted Jan. 27, 1972.

Resubmitted March 17, 1972.

Decided March 29, 1972.

Kenneth J. Yablonski, Washington, Pa., for appellant.

James A. McGregor, Jr., Egler, McGregor & Reinstadtler, and John David Rhodes, Thomson, Rhodes & Grigsby, Pittsburgh, Pa., for appellees.

Before McLAUGHLIN, VAN DUSEN and ADAMS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

In this case, plaintiff seeks damages for injuries arising out of an accident occurring at his place of employment. The case is in federal court based on the diversity of citizenship of the parties. In the District Court, defendants Allied Chemical Corp. and Industrial Chemical Co. moved to dismiss the complaint, which motion was construed by the District Court as one for summary judgment pursuant to Rule 56 F.R.Civ.P., and was granted. Plaintiff has appealed.[1]

On August 9, 1968, plaintiff, Winston Hartwell, was seriously injured during the course of his employment. He was hospitalized, totally disabled for a time, and then returned to work. He allegedly sustained contusions and abrasions, a spinal injury and extensive scars on his arms, back, abdomen, hip, leg and foot.

The workmen's compensation insurance carrier for Allied and Industrial entered into an agreement with Hartwell whereby the insurance carrier paid hospital and medical expenses resulting from Hartwell's injury and benefits for the period during which Hartwell was totally disabled. Apparently not satisfied with this settlement, plaintiff commenced an action to recover workmen's compensation for the disfiguring scars on his body. The referee disallowed the

---

1. Because the order of the district court granting summary judgment applied only to two of the three defendants, this court remanded the case to the district court for a certification of finality concerning Allied Chemical Corp. and Industrial Chemical Co.—the present appellees—pursuant to Fed.R.Civ.Pro. 54(b). By order dated February 19, 1972, the district court granted the certification nunc pro tunc thereby vesting this court with jurisdiction over the appeal. Plaintiff's suit against Aloyco, Inc., is still pending in the district court and is not a part of the present appeal.

claim, and while the appeal was pending before the Pennsylvania Workmen's Compensation Board, plaintiff brought the present suit in the District Court.[2]

The question presented on this appeal is the scope of the exclusivity clause of the Pennsylvania Workmen's Compensation Act, Pa.Stat.Ann., tit. 77, §§ 1 et seq. The relevant section of the Act provides that when both the employer and employee have accepted the terms of the Act, it operates "as a surrender by the parties thereto of their rights to any form or amount of compensation or damages for any injury or death occurring in the course of the employment, or to any method of determination thereof, other than as provided in article 3 of [the] act." Pa.Stat.Ann., tit. 77 § 481. Actions at common law, therefore, for injuries occurring in the course of employment are not permitted. Hyzy v. Pittsburgh Coal Co., 384 Pa. 316, 121 A.2d 85 (1956).

The thrust of plaintiff's argument is that because the Act does not specifically make compensable permanent scars and disfigurement to areas of the body other than the face, Pa.Stat. Ann., tit. 77 § 513, the legislature must have intended an exception to the exclusivity clause cited above in situations where the Act does not provide compensation. In support of his contention, plaintiff relies on several cases decided by the Pennsylvania Supreme Court pursuant to the Occupational Diseases Act, Pa.Stat.Ann., tit. 77 §§ 1201 et seq. One example should suffice to demonstrate the inapplicability of those cases to the present situation.

In Perez v. Blumenthal Bros. Chocolate Co., 428 Pa. 225, 237 A.2d 227 (1968), plaintiff contracted pulmonary emphysema while employed by the defendant, and commenced a common law trespass action against it. From a judgment in favor of the plaintiff, the employer appealed, asserting that the Occupational Diseases Act gave rise to plaintiff's sole remedy. The exclusivity clause of the Occupational Diseases Act, Pa.Stat.Ann., tit. 77 § 1403, is identical with that of the Workmen's Compensation Act in all respects except one. The Workmen's Compensation Act applies to *"any injury* or death occurring *in the course of the employment,"* whereas the Occupational Diseases Act applies to "any disability or death *resulting from occupational disease."* (Emphasis added). The Occupational Diseases Act, in section 1208, lists a number of ailments which are to be included within the term, "occupational disease." In addition to the enumerated diseases, section 1208(n) includes "All other occupational diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are peculiar to the industry or occupation, and (3) which are not common to the general population." The disease from which the plaintiff in *Perez* suffered was not listed, nor did it fall within the clause just quoted. Since it therefore was not an "occupational disease" within the meaning of the Act, the Supreme Court held that the exclusivity clause of the Occupational Diseases Act could not constitute a bar to the common law action.

The Workmen's Compensation Act, on the other hand, contains no such limitations on the phrase "any injury or death occurring in the course of employment." "The courts have been consistent in holding that the remedy provided by the Workmen's Compensation Act is exclusive of all common-law actions." Hyzy v. Pittsburgh Coal Co., *supra*, 121 A.2d at 87 (citing cases). Plaintiff seeks to avoid the bar against common law actions set forth in the Workmen's Compensation Act, by contending that because the particular injury suffered by him is not compensated by the Act, the term "any injury" cannot mean what it says.

The Pennsylvania Supreme Court in Scott v. C. E. Powell Coal Co., 402 Pa. 73, 166 A.2d 31 (1960), made clear that "any injury" was to be given its plain

---

**2.** The Board eventually affirmed the decision of the referee.

meaning. In *Scott*, as a result of blasting, the plaintiff had been struck on the back of the head by a rock. His skull was fractured and he permanently lost his senses of taste and smell. After collecting compensation for the eight week period during which he could not work, plaintiff then sued his employer under the common law to recover damages resulting from his loss of the senses of taste and smell. As a preliminary observation, the Supreme Court noted that the Act could be construed to compensate for the loss of these two senses even though no specific section provides for such compensation. Section 306(b) of the Workmen's Compensation Act, Pa.Stat.Ann., tit. 77 § 512, permits compensation for loss of earning power because of a partial disability. The Court concluded that the injury sustained by plaintiff was contemplated by the Act, and stated:

> "[I]f the duties of his occupation require the use of his senses of taste or smell, and an accidental injury deprived him of those senses, then, necessarily, he is disabled for the performance of the duties of his occupation, and he would be entitled to compensation under the Act for such disability as reflected in his earnings."
>
> \* \* \* \* \* \*
>
> "We have ruled that when an employee sustains injuries which bring him within the provisions of the Workmen's Compensation Act, the question as to what amount he is compensated depends on the provisions of the Act, and if that measure yields him nothing, the assumption is that he is nevertheless satisfied with his agreement." Scott v. C. E. Powell Coal Co., *supra*, 166 A.2d at 34.

The order dismissing the plaintiff's common law action was, therefore, affirmed, and the Court made clear that any injury sustained in the course of employment gave rise only to the remedy provided by the Workmen's Compensation Act.

The present case is really no different from *Scott*. Here the plaintiff has been compensated by his employers' insurance carrier for his medical expenses and loss of earnings. He suffered permanent disfigurement to his body, an injury not specifically compensable under the Act. Were the plaintiff a male model, it seems fairly clear that he would be entitled to compensation within the terms of the Act. Because his permanent partial disability does not affect his earning power, "the assumption is that he is nevertheless satisfied with his agreement." Scott v. C. E. Powell Coal Co., *supra*, 166 A.2d at 34.

To reach a result other than barring the plaintiff from proceeding with his common law action would subvert the policy of the Workmen's Compensation Act. In discussing that policy, this Court recently observed in O'Neill v. United States, 450 F.2d 1012, 1017 (3d Cir. 1971):

> "Because of certain provisions in the Pennsylvania Constitution, a compulsory workmen's compensation act is not permissible. Thus, the legislature enacted a voluntary compensation program in which the employer and employee must elect to participate. Not only would the result reached in Fisher and in the instant case be contrary to the spirit of the Act, it obviously would encourage employers to reject the Act. That he may no longer be immune to law suits even though he participates in and contributes to the compensation program would be a consideration of great weight to an employer. In this industrial age, a viable workmen's compensation law is a necessity as a matter of public policy." (footnotes omiitted).

If we were to permit recovery in this action, we also might be encouraging Pennsylvania employers to reject the Act. Such would be contrary to the clear intention of the legislature.

Accordingly, the order of the District Court granting the employers' motion for summary judgment will be affirmed.