## James v. Hope

*J. Joseph McCluskey*, for plaintiffs.
*Bernard M. Billick*, for defendant.

WILLIAMS, P. J., April 25, 1973.—This matter is before us on defendant's motion for summary judgment. There is no issue of fact to be resolved.

Plaintiff, Emma James, on March 9, 1967, was employed as a secretary by defendant. Neither party had rejected the Pennsylvania Workmen's Compensation Act of June 2, 1915, P. L. 736, 77 PS §1, et seq. On January 9, 1967, by pre-arrangement with defendant, plaintiff, Emma James, while on the way to work, stopped her car at the bottom of a hill from defendant's place of business where she transferred to her employer's car by reason of the icy conditions of the roads which then prevailed. After traversing about seven-eights of the hill, the car stuck. The car started to slide backwards as plaintiff got out of the car. Plaintiff threw herself out of the car on an embankment. As she did so,

her right leg struck the car and she suffered a deep laceration of her right leg. As the result of the injury, plaintiff developed phlebitis in her leg.

Plaintiff received an award under the Workmen's Compensation Act but contends the accident did not happen in the course of her employment and that she is entitled to proceed with a suit in trespass. Defendant contends the accident occurred in the course of her employment and by reason thereof, plaintiff is precluded from pursuing a trespass action.

Whether a claimant has been injured in the course of employment is a question of law: Henry v. Lit Brothers, Inc., 193 Pa. Superior Ct. 543 (1960).

This case is similar in facts to the circumstances present in Black v. Herman et al., 297 Pa. 230 (1929). There, the business of the employers was conducted on the fourth floor of a building. It was reached by an entrance platform and flight of stairs. As the claimant came to work, he slipped on the platform and broke his leg. The Supreme Court held that the injury was sustained in the course of employment; that plaintiff was injured on the premises where the employer conducted his business and the employe's presence there was required by the nature of his employment.

The court said at page 232:

"A servant having entered the master's premises to take up the work of the day is within the protection of the Workmen's Compensation Act, although the tools are not yet in his hands."

It is clear from the record that plaintiff, Emma James, at the time of the injury, was travelling on the premises of her employer for the purpose of taking up her secretarial duties.

In Pineda v. Oliver B. Cannon & Son, Inc., 172 Pa. Superior Ct. 625 (1953), it was held that an employe, who must traverse property of his employer to gain

access to the part thereof where his work is to be done, is on his employer's premises and entitled to compensation under the Workmen's Compensation Act for any injury sustained, although he was not actually engaged in work at the time.

In Hyzy v. Pittsburgh Coal Company, 384 Pa. 316 (1956), it was held that where neither the employer nor employe has rejected the Workmen's Compensation Act, an employe injured in the course of his employment can recover from his employer only in the manner provided by that act.

### ORDER

And now, April 25, 1973, motion for summary judgment is granted. Judgment on the pleadings is hereby entered for defendant.